(C.D. 3407)

CANDLE AMERICA, INC., ET AL. *v.* UNITED STATES

United States Customs Court, First Division

(Decided April 17, 1968)

*Glad & Tuttle* for the plaintiffs.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before WATSON and MALETZ, Judges

WATSON, Judge: The merchandise covered by these protests consists of leather cases for radios. The radios were assessed with duty at 12.5 per centum ad valorem under item 685.22 of the Tariff Schedules of the United States, and the cases were assessed with duty at the rate of 20 per centum ad valorem under item 706.08 of the said tariff schedules.

It is claimed that the said leather cases are properly dutiable at the same rate of 12.5 per centum ad valorem under item 685.22 of said schedules, at which the radios were assessed.

The protests have been submitted for decision upon a written stipulation of counsel for the respective parties which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, subject to the approval of the Court, as follows:

1. That the items marked "A" and initialed NMG (S.C.S. Initials) by the Senior Commodity Specialist Norman M. Guillow (S.C.S. Name) on the invoices covered by the protests listed on Schedule "A" attached hereto and made a part hereof and assessed with duty at 20 per centum ad valorem under Item 706.08 T.S.U.S., consist of radio leather cases.

2.   That the merchandise covered by the entries enumerated in Schedule "A" was entered or withdrawn from warehouse on or after August 31, 1963, the effective date of the Tariff Schedules of the United States.

3.   That said protests were filed on all of the entries enumerated in said Schedule "A" under Section 514 of the Tariff Act of 1930, as amended, within 60 days after the dates of liquidation thereof, and that said protests are pending for decision by this Court.

4.   That the radio leather cases covered by the entries and protests enumerated in Schedule "A" are of the usual types ordinarily sold at retail with their radios.

5.   That within 120 days after the date of the enactment of Public Law 89-241, 89th Congress, approved October 7, 1965 a request was filed with the Collector of Customs at the port of entry for reliquidation pursuant to Sec. 4 of said Public Law 89-241 and reclassification of said merchandise at 12½ per cent ad valorem under Item 685.22 T.S.U.S. by virtue of general headnote 6(b)(i) as amended by said Public Law.

6.   That the protests enumerated in Schedule "A" be submitted on this stipulation, the same being limited to the items marked "A" as aforesaid.

Upon the agreed facts, we hold that the merchandise represented by the items marked with the letter "A" and with the initials of the senior commodity specialist on the invoices accompanying the entries covered by the protests enumerated in schedule A, attached hereto and made a part hereof, is subject to duty in accordance with section 4, Tariff Schedules Technical Amendments Act of 1965, at the rate of 12.5 per centum ad valorem under item 685.22 of the Tariff Schedules of the United States, as containers of usual types ordinarily sold at retail with their contents.

To the extent indicated, the protests are sustained. Judgment will issue accordingly.